UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JACE R. YZAGUIRRE,

                Plaintiff,

-v-

DAVE LEVIN, *et al.*,

                Defendants.

24-CV-1500 (JPO)

MEMORANDUM AND ORDER
ADOPTING REPORT AND
RECOMMENDATION

---

J. PAUL OETKEN, District Judge:

    This case concerns alleged violations of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.*; Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"); Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d *et seq.* ("Title VI"); the Lanham Act, 15 U.S.C. § 1125; and negligent infliction of emotional distress ("NIED"). (*See* ECF No. 28 ¶¶ 43-66.) On February 7, 2025, Magistrate Judge Gary Stein recommended that this Court grant Defendants' motions to dismiss *pro se* Plaintiff Jace Yzaguirre's second amended complaint ("SAC"). (*See* ECF No. 73 ("R&R").) For the reasons that follow, the Court adopts the R&R in full.

**I.    Background**

    The Court assumes familiarity with the facts and procedural history of this case, detailed most recently in the R&R. (*See* R&R at 2-9.) After being granted an extension, on February 25, 2025, Yzaguirre filed a series of documents in opposition to Magistrate Judge Stein's conclusions, which the Court construes as a timely objection. (*See* ECF No. 77 ("Obj.").). Yzaguirre also filed additional letters elaborating on his earlier position and requesting an extension of time to further amend his objections. (*See* ECF Nos. 78, 79.)

## II. Standard of Review

Any aspect of the R&R to which a party files a timely objection is to be reviewed *de novo*, while aspects of the R&R not objected to are reviewed for clear error. *United States v. Stearns*, 556 F. Supp. 3d 208, 210 (W.D.N.Y. 2021) ("The Court is not required to review *de novo* those portions of a report and recommendation to which objections were not filed." (citing *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997))); *see also Mott v. IBM*, No. 10-CV-4933, 2011 WL 3847176, at *1 (S.D.N.Y. Aug. 30, 2011) ("When a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review."). When reviewing for clear error, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Paige P. v. Comm'r of Soc. Sec.*, No. 23-CV-502, 2024 WL 2023502, at *1 n.1 (N.D.N.Y. May 6, 2024) (quoting Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition); *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous." (cleaned up)).

## III. Discussion

In his objection, Yzaguirre mentions only the NIED and Title VI claims. None of his arguments, under any standard of review, warrant a departure from the R&R. First, the R&R recommended dismissal of the NIED claim because "Yzaguirre does not allege, either in the SAC or in the Opposition, that his physical safety was endangered or that he feared for his physical safety at any point" or that "he was subject to one of the particular kinds of NIED recognized by New York courts." (R&R at 34.) Yzaguirre contends now that he "was in fear of his physical safety," as documented by his correspondence with an FBI Violent Criminal Task

Force special agent, his filing of a police report, and his preparing a will "out of fear of his physical safety due to the powerful officials, civil servant immunities and legacy non-profits" that he was concerned were conspiring against him. (*See* Obj. at 5.) But the correspondence with the FBI special agent does not indicate any fear of safety and the police report speaks only of "harassment." (*See id.* at 6-7.) Nor does the allegation of a preparation of a will raise any plausible inference that Yzaguirre was placed in any legitimate fear for his physical safety as a result of Defendants' conduct. Moreover, the "direct duty theory" of NIED on which Yzaguirre attempts to proceed "requires 'an objective inquiry turning on whether a plaintiff's physical safety was actually endangered, not a subjective evaluation dependent on the plaintiff's state of mind.'" *Truman v. Brown*, 434 F. Supp. 3d 100, 123 (S.D.N.Y. 2020) (quoting *Carney v. Bos. Mkt.*, No. 18-CV-713, 2018 WL 6698444, at *3 (S.D.N.Y. Dec. 20, 2018)). Even under the most generous reading, Yzaguirre does not plausibly allege any such actual threat to his physical safety. The NIED claim thus must be dismissed for that additional reason.

    Second, the R&R recommended dismissal of the Title VI claim because Yzaguirre failed to plead any plausible allegation of intentional discrimination, as is required by that statute. (*See* R&R at 27-30.) Though Yzaguirre argues that the Title VI claim should not be dismissed, the objection does not present any plausible allegation of intentional discrimination. (*See* Obj. at 6.) Indeed, the arguments against dismissal do not contend with any of the bases for dismissal in the R&R and simply reiterate prior vague assertions. Finding no error, clear or otherwise, the Court agrees with the R&R that the Title VI claim must be dismissed.

    Yzaguirre puts forward no argument that the R&R erred in any other respect. Although he does recite some general accusations at the outset of his objection, "[m]erely referring the court to previously filed papers or arguments does not constitute an adequate objection under

either [Federal Rule of Civil Procedure] 72(b) or Local Civil Rule 72.3(a)(3)." *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002). In other words, "[t]o trigger the *de novo* review standard, objections to a report and recommendation 'must be specific and clearly aimed at particular findings in the magistrate judge's proposal.'" *Stearns*, 556 F. Supp. 3d at 210 (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). That is true even for a *pro se* objector. *Machicote v. Ercole*, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." (quoting *Howell v. Port Chester Police Station*, 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010))). Because the objection, at best, merely "refer[s] the court to previously filed papers or arguments" and is not "clearly aimed at particular findings in the magistrate judge's proposal," the Court need not review any other aspect of the R&R *de novo*. *See also Baurele v. Comm'r of Soc. Sec.*, No. 18-CV-283, 2018 WL 2170280, at *1 (N.D.N.Y. May 10, 2018).

Because Judge Stein's thorough and well-reasoned R&R contains no error—clear or otherwise—the Court adopts its recommendation to grant the motions to dismiss.

Furthermore, the Court adopts Judge Stein's recommendation that Yzaguirre not be granted leave to amend the SAC because he has already amended his complaint twice, the defects correctly identified in the R&R render any amendments futile, and Yzaguirre has not requested any opportunity to amend. (*See* R&R at 35.)

The only remaining issues are Yzaguirre's requests made after the filing of his original objection. First, Yzaguirre seeks to withdraw all claims against Defendant Vasquez. (ECF No. 78 at 1.) That request is denied as moot because the Court is already dismissing the SAC in its

4

entirety, with prejudice. Second, Yzaguirre seeks to file additional objections to the R&R concerning its dismissal of his ADA claim. (ECF No. 79 at 1-2.) That request is likewise denied. Yzaguirre has already received one extension, filed his objection late, submitted another untimely letter elaborating upon his objections, and included with his latest request for more time an additional three pages of unresponsive arguments. That follows the generous four months that Judge Stein already afforded Yzaguirre to oppose the motions to dismiss in the first instance, bringing the total time the parties have argued over these motions to nearly eight months. To permit Yzaguirre further amendments—and require Defendants to submit yet another round of briefing in response—would needlessly and unjustly prolong this already protracted litigation. *See* Fed. R. Civ. P. 1. Moreover, Judge Stein correctly recommended dismissal of the ADA claim for reasons that Yzaguirre fails to challenge even in his latest letter, and the Court finds no error—clear or otherwise—in the R&R.

### IV.   Conclusion

For the foregoing reasons, the R&R at ECF No. 73 is ADOPTED in its entirety, the objections are OVERRULED, and Defendants' motions to dismiss the SAC are GRANTED.

The Clerk of Court is directed to close the motions at ECF Nos. 42 and 45, to enter judgment of dismissal, and to close the case.

SO ORDERED.

Dated: March 13, 2025
       New York, New York

_____
J. PAUL OETKEN
United States District Judge